[PHILADELPHIA, APRIL 3, 1841.]

## DANIEL KING'S ESTATE.

#### APPEAL.

1. Questions of advancement depend upon the intention of the parent; and of this, the declarations of the parent at the time, or the admissions of the child, at the time or afterwards, would seem to be evidence.

2. If there be no evidence at all on the subject, then whether it was a present or an advancement, may be judged of by its amount and character.

3. Where a father, whose estate appeared on the settlement of the accounts of the administrators, after his death, to have amounted to upwards of $120,000, and who had four children, bought furniture for a daughter, on her marriage, to the amount of $1132, and there was evidence of his declarations that he had given them to her as a present and a gift; it was *held*, that she was not to be charged with this as an advancement; but that it was to be considered as a present to her.

THIS was an appeal from a decree of the Orphans' Court for the County of Philadelphia, in the matter of the settlement of the accounts of the administrators of the goods, &c., of Daniel King, late of the city of Philadelphia, deceased.

The only item in these accounts which formed the subject of controversy, was the following.

" 1836,
December.   To amount of furniture advanced Maria
    S. Smith, and omitted in appraisement,          $1132 03."

The auditor reported on this item as follows.

" It was contended on the part of Mr. William H. Smith, that the amount of the advancement made to his wife was improperly introduced on the debtor side of the account; and two witnesses were

produced, to wit, Mrs. Margaret Keemlé and Mrs. Elizabeth Flick, (whose testimony is hereto annexed as per exhibit D.) who, in their examination, declared that the amount paid for furnishing his daughter's house, had, in their presence, by Mr. Daniel King, been declared to be a gift to her of her furniture and her plate. The auditor is of opinion that the amount of the said advancement is properly introduced on the debtor side of the account: all advancements being gifts."

· Exhibit D.

" Mrs. Margaret Keemlé being duly affirmed, declares and says, that she is aged seventy years and upwards; and that she was acquainted with Mr. Daniel King better than ten years previously to his death; and that she was also acquainted with his daughter Maria. Mr. Daniel King told me he gave the furniture of the house in which she lived to his daughter Maria as a present and a gift; he said he gave it to her because she married to please herself and her parents. This was said to me in the month of October, before she was married. He was about furnishing at the same time." In answer to a question by the auditor.—" She was married a little better than two years ago. I think Mr. King died in December, 1836."

" Mrs. Elizabeth Flick being duly affirmed, declares and says, that she was acquainted with the deceased, Mr. Daniel King, and his daughter Maria. She thinks she knew them for about fifteen or sixteen years. Mr. King told me himself, in the presence of Mrs. King, that he was making his daughter a present of her furniture and her plate; this was in the front parlour of his own house. They were not married at this time. It was the latter end of October, and he was then about furnishing the house. I believe they were married the next month; within a week or two after that. Mr. and Mrs. King both told me they were going to be married. The gentleman to whom she was married was Mr. William H. Smith."

· Exceptions were filed in the Orphans' Court, to the auditor's report, as follows.

" 1. Because the auditor has charged Wm. H. Smith and wife with the sum of $1132 03 as an advancement, when, in fact, the said sum was a present by the intestate to his daughter in his lifetime.

2. Because the auditor has decided that the sum of $1132 03 aforesaid, was properly charged on the debtor side of the administration account.

3. Because the auditor has decided that all advancements are gifts."

After argument, the Orphans' Court made the following decree.

" And now, November 23, 1839, the court sustain the said exceptions, and do order and decree that the said report be amended by striking out of the account the item or sum of $1132 03, charged on the debtor side thereof as an advancement to Maria Smith; and direct that distribution be made accordingly, and the report thus amended be confirmed absolutely. The court being of opinion that the furniture composing said item was a pure gift by the intestate to his daughter, and not intended by him as an advancement, and therefore improperly charged by the auditor."

From this decree the administrators appealed, and filed the following specification of errors.

" 1. The court below directed the item or sum of $1132 03, charged on the debtor side of the account, reported by the auditor as an advancement to Maria Smith, to be struck out of the account, and the report of the auditor to be amended accordingly. To this order and direction of the court, exception is hereby taken.

2. The appellants except to the aforesaid direction of the Orphans' Court, both on its intrinsic demerits, and on the ground that although the furniture composing said item may have been a pure gift by the intestate, it may, nevertheless, operate as an advancement."

Mr. *C. J. Ingersoll* for the appellants.

The depositions don't alter the case. It was, in fact, an advancement though the intestate chose to call it a gift or present. He must have used this language, though he meant an advancement. He was not selling the furniture to her. " Advancement " is a technical word, not commonly used or understood. In *Oyster* v. *Oyster*, (1 *Serg. & Rawle*, 425,) it is called a gift. *Hoke* v. *Hoke*, (5 *Watts*, 82.) *Watson* v. *Watson*, (6 *Watts*, 257.) Act of the 8th of April, 1833. The object is to equalise distribution; whereas, if the child had been advanced to one half of the estate, the case would be the same as the present. All would go as a gift according to the opposite construction, to the injury of the other children. *Pratt* v. *Pratt*, (*Fitzgibbon*, 285.) The Massachusetts acts throw the burden of proof on the party alleging an advancement; but, as we have no such acts, the burden is thrown on the other party. Here it is to be presumed an advancement until the contrary is shown.

Mr. *J. H. Campbell* contra.

The estate is shown by the accounts to have exceeded $120,000. There were four children. Maria was the only daughter. It would be strange if a father under such circumstances could not make a present to a daughter. There was a book of the intestate produced

on the hearing below, containing entries of expenditures for the other children; but no entry of this. The rule in Pennsylvania has been that the party averring an advancement must prove it. It is a question of intention. Surely a man may yet dispose of his property as he pleases, if he has no creditors. The depositions show that he intended a pure gift.

Mr. *J. R. Ingersoll* in reply.

Advancement is the correlative of *debt*, not of *gift.* If the estate had been small, the injury might have been great to the other children; and they have a right to say that this shall be an advancement on the death of their parent, intestate, whatever it might be as a gift in his lifetime. Here we show an advancement from the nature of the transaction. The amount is large, and the occasion was the marriage or fitting out of a child. If not an advancement, it must be a debt.

The opinion of the court was delivered by

SERGEANT, J.—The evidence in this case shows that the gift of the father to his daughter of furniture, at the time of her marrying, was intended as a present, and not as an advancement. It can be treated as the latter only on the principle contended for by the appellants, that every such gift by a father to his daughter must be deemed an advancement, in case of his dying intestate. No authority, however, has been produced in support of this principle; nor does there seem any reason for saying that it never shall be in the power of such parent to make a present to his child during his lifetime, unless it falls within that class of small donations, which the law holds to be presents and not advancements. Surely such parent has the right of giving his property to his child as well as to a third person, if he chooses, provided he does nothing thereby to delay or hinder creditors. A daughter who leaves a parent, at her marriage, frequently relieves him from the burden of maintaining her, while the other children may remain with the parent for years, and become far more expensive to him; and it might be unjust that the children who remain should deduct the daughter's provision of furniture, when they are not charged with maintenance. All such questions must depend on the intention of the parent in making the gift: and of this, the declarations of the parent at the time would seem to be evidence, or the admissions of the children against themselves at the time, or afterwards. And in *Hengst's Case,* (6 *Watts,* 86,) entries in the father's books, made at his request, and signed by him, were held evidence against the child to show an advancement. If there be no evidence at all on the subject, then whether it was a present or an advancement may be judged of by its amount and character; of which there have been many cases in chancery, that

(Daniel King's Estate.)

are referred to in 1 *Madd. Ch.* 512, and other books. But when the intention of the father is clearly proved, as here, it supersedes this inquiry, and settles definitely the character of the gift. In fact, nothing is more usual than for the father, on the marriage of his daughter, to provide her with furniture for housekeeping: and whether he will charge it to her as an advancement, or make it a free and absolute gift, to be her's without accountability in any event, is within his own breast, where he is in a solvent state. If there be no evidence, it must be judged of according to the rules on the subject to which I have adverted. Here, it seems, the daughter married with the approbation of the father, and he chose, probably as a testimony of his satisfaction, to give the furniture as a present, which he had a right to do.

Decree affirmed.