# Harris' Appeal.

1. Questions of advancement depend upon the intention of the parent; and of this his declarations at the time, or the admissions of the child at the time, or afterwards, are evidence.

2. Where money is lent or paid by a father to or for a son, at the request of the latter, and an account is stated by the father and *interest charged*, such loan or payment is a debt and not an advancement.

3. An auditor's report on a question of fact, is like the verdict of a jury, or an award under the Act of 1705, entitled to every presumption in its favor.

APPEAL from the decree of the Orphans' Court.

The opinion of the court was delivered in 1854, by

LEWIS, J.—Questions of advancement depend upon the intention of the parent; and of this, the declarations of the parent, at the time, or the admissions of the child, at the time or afterwards, would seem to be evidence. *Hengst's Estate,* 6 W. 87. Where money is lent or paid to or for a son, at the request of the latter, and an account is stated by the father, *and interest charged,* such loan or payment is to be considered a debt, and not an advancement. And a debt from a child to a parent, which has been barred by the Statute of Limitations, cannot be converted by the parent into an advancement, by his declarations to that effect, without the consent of the child. *Levering* v. *Rittenhouse,* 4 Wh. 130. Even where the Statute of Limitations does not exist as an element in the case, it has been held that the declarations of a parent, not made to the child or assented to by him, nor accompanied by any account, are not sufficient to destroy a debt secured by a legal instrument in full force, and change it into a gift by way of advancement; whether offered by the son to defeat the recovery of the debt, or by the representatives of the father against the son, to defeat his claim to a distributive share. *Haverstock* v. *Sarbach,* 1 W. & S. 390. In the absence of other evidence, the amount and character of the alleged gift or debt, compared with the amount of the parent's estate, and the number of children, at the time, would form material circumstances in determining the character of the transaction. *King's Estate,* 6 Wh. 370.

In this case, the declarations of the father, made long after the payment to or for the son, and the total silence of the latter, at the time, neither assenting or dissenting, could only be received upon the principle that the son assented. This silence under the circumstances, was but slight evidence of his assent, and the acts of the father afterwards in calculating interest on the whole of his claim against his son, accompanied with a declaration that he "purposed to make a will"—that "one child was as another"—that he "believed it to be his duty and to be right to charge interest on those moneys paid," were acts and declarations inconsistent with the purpose of treating the payments, which had been made for the son, as an advancement. All these circumstances were for the consideration of the auditor, and his decision upon the question of facts is not to be set aside, except for plain mistake, to be shown affirmatively by the party objecting to it. An auditor's report on a question of fact, is like the verdict of a jury, or an award under the Act of 1705, entitled to every presumption in its favor. *Howland's Accounts,*

5 R. 330; *Stehman's Appeal*, 5 Barr, 413. We cannot perceive that a plain mistake has been committed, and therefore the decree is affirmed.

Decree affirmed.