JOHN BRADSHER, Adm'r of W. A BRADSHER and others v. JOHN P. CANNADY and wife CORINNA and D. W. BRADSHER.

*Advancement -- Gift by Parent.*

1. Whether a gift by a parent is an "advancement" or not, depends upon the intention of the parent *at the time the gift is made.*

2. A gift, absolute when it is made. cannot be converte1 into an advancement by any subsequent statement of a wish to that effect by the parent, short of a legally executed will.

3. As a general rule money expended in the education of a child is presumed not to be an "advancement "

(*Meadows* v. *Meadows*, 11 ire 148, cited and ap,,roved )

CIVIL ACTION, tried at Fall Term, 1876, of PERSON Superior Court, before *Kerr, J.*

This was a Case Agreed and the material facts are as follows : W. A. Bradsher died in 1874, leaving him surviving, Kate Bradsher his widow, and the following named children, viz ; Corinna, wife of J. P. Cannady, Darcy W. Bradsher, and Sidney and Seth Bradsher, minors. John Bradsher was duly appointed administrator. After paying all the debts of his intestate there remained in his hands a sum for distribution. A controversy arose between the parties as to the amount due each distributee, in consequence of certain memoranda being found among the valuable papers of the intestate, of which the following are copies :

"Corinna F. Bradshaw, now Corinna F. Cannady, to $800 for her education, by advancement. and all other advancements made unto her to account for to my estate without interest."

"Darcy W. Bradsher, to $800, for his education, by advancement and all other advancements made unto him to account for to my estate without interest. This is all done

to make my two little boys equal in my estate." Signed by authority of the intestate and witnessed.

In reply to questions submitted, His Honor held : "That a parent has the right to charge as advancements the money spent by him in the education of a child. And if he ex-pressly thus charges money so given to his child, it consti-tutes an advancement. The paper writing (above set forth) is a valid and legal paper, and determines the intent of the intestate in respect to the money expended on Corinna and Darcy, and they must account for said sums as advance-ments, in the distribution of their father's estate. And the husband of Corinna must account for money placed in his hands after his marriage to buy land *or she* must be held to account for it in addition to the advancements. That the widow takes one-fifth, being a child's part, in the distri-bution of the personal estate."

Judgment. Appeal by defendants.

No counsel for the plaintiffs.

*Mr. John W. Graham*, for defendants, cited *Meadows* v. *Meadows*, 11 Ire. 148 ; *Pusey* v. *Debouverie*, 3 Peere Williams, 317, note.

RODMAN, J. The North Carolina statute concerning ad-vancements, (Bat. Rev. ch. 45, § § 104, 105, 106) is founded on the statute of Distributions (22 and 23 Car. 2, ch. 10) and it is supposed does not differ in principle from the statutes of the other States which are likewise founded on that Act.

Although the N. C. Act (§ 105) requires a child to whom his intestate had given "any personal property of what na-ture or kind soever," to give to the administrator an inven-tory thereof, &c. it has been uniformly held that these gen-eral words have a restricted meaning. Every gift of person-al property by a donor who dies intestate is not necessarily

an advancement.  A parent may *give* his child property in-stead of advancing it to him.   Whether a gift is an advance-ment or not depends on the intention of the parent *at the time the gift is made.*   *Osgood* v. *Breed's heirs*, 17 Mass. 357; *Riddle's estate*, 19 Pa. 431;  6 Whart. 370.

In the absence of direct evidence of the intention at that time, it must be inferred from the nature of the gift and from the circumstances under which it was made.

In *Meadows* v. *Meadows*, 11 Ire. 148, it is said ; "Advance-ments are understood to be gifts of money or personal pro-perty for the preferment or settling of a child in life, and not such as are mere presents of small value or such as are required for the maintenance or education of the child, which the law throws on the father at all events."

" As a general rule money expended in the education of a child is not presumed to be an advancement.   The presump-tion is that the parent makes these expenditures in the dis-charge of his parental duties and that all of his children are treated with equality in this respect.   But this presumption may be repelled by evidence." *Riddle's estate*, 19 Pa. 431 ; *Pusey* v. *Debouverie*, 3 P. Will. 317 ; *Mitchell* v. *Mitchell*, 8 Ala. N. S. 414.

A parent may however make the expense of a child's edu-cation an advancement, as it was held he did in *Riddle's case*, *ante*.

In this case it is said in substance, that the tastes, talents and constitution of one child may be such as to make it prudent in the parent to give such child his intended share of his estate in an education adapted to his character rather than in anything else ; while with respect to another child of a different character a different course would be prudent. The law therefore allows the parent to do either.

The presumption that a parent intended the expenses of a child's education to be an absolute gift will not be repelled by any declaration afterwards of a wish that they shall be

deemed an advancement, unless contained in a will legally executed    Mitchell v. Mitchell, 8 Ala. N. S. 414.

In the present case it is agreed by the Attorneys in this Court (although it is not stated in the case agreed) that the writing dated June, 1874, and which appears to have been signed by the intestate W. A. Bradsher, was executed long after the sums had been expended for the education of the children mentioned in it.  Evidently it was not co-temporaneous with the expenditure.  It does not appear that the writing was executed with the formalities necessary to make it a valid will and it has never been propounded as such.

We think that the intestate could not convert what was an absolute gift when it was made, into an advancement by any subsequent statement of a wish to that effect short of a will.  To do so would be to revoke an executed and perfect gift.  This case closely resembles that of *Mitchell* v. *Mitchell*, above cited.  In that case it is said ; "It appears that the intestate kept an account against his son Columbus which is added up on the book and amounts to $8,632, at the close of which is this entry; 'Accounted for as so much that he has had of his portion of my estate, if it is over his portion he must pay it back to them.' "  No question arises upon this instrument as a testamentary paper nor does it appear to have been proved as such. It appears to have been offered as evidence of an advancement.  Some of the items of which the account is composed are for expenses at college, whilst travelling, and reading law.  It is very certain that some of these items could not be considered an advancement under the statute, being expenditures which it was the duty of the parent to make, or at least of the propriety of making which he was the sole judge.  It is true that a parent who had expended more upon the education of one of his children than upon the rest, might think it his duty to make the others equal with him by giving him proportionately less of his

estate, but he could only accomplish this by a will, it could not be effected by considering it an advancement."

We think His Honor the Judge below erred in considering that Corinna and Darcy Bradsher should account for the sums expended for their education.

The writing spoken of speaks of other sums advanced to Corinna and Darcy. What these sums were and under what circumstances they were given does not appear. We are therefore unable to say whether they should be considered advancements or not.

We concur with His Honor that the widow takes a child's part of the personal estate, viz; one-fifth.

Judgment reversed and case remanded to be proceeded in according to this opinion.

Let this opinion be certified.

PER CURIAM. Judgment reversed.