Whyte's Estate.

382

*Francis H. Scheetz* (of *Evans, Bayard & Frick*), for exceptant.
*William C. Ferguson, Jr.* (of *Slocum & Ferguson*), contra.

VAN DUSEN, J., March 21, 1930.—We agree with the conclusion of the Auditing Judge that the trust fund created by the decedent for his son was not an advancement. " 'All questions of advancement,' " it was said by Sergeant, J., in Daniel King's Estate, 6 Whart. 370, " 'must depend on the intention of the parent in making the gift. If there be no evidence at all on the subject, then whether it was an advancement or a present may be judged of by its amount and character:' " Story's Appeal, 83 Pa. 89, 98.

The terms of the trust and the circumstances under which it was made show that it was intended primarily for the maintenance and education of the child, and such a provision is not an advancement: Lentz *v.* Hertzog, 4 Whart. 520; Miller's Appeal, 40 Pa. 57, 60. The son will get what remains of the principal if he lives to be twenty-one, but his interest is so indeterminate that it cannot be valued now, and it is unreasonable to wait five years for the contingency to happen.

The offer to show contemporaneous declarations by the decedent was properly rejected, because the witnesses were incompetent and the declarations would not tend to show that an advancement was intended.

The exceptions are dismissed and the adjudication is confirmed absolutely.