THURMAN L. PARRISH AND WIFE, MAGGIE M. PARRISH v.
J. NORWOOD ADAMS AND WIFE, VALERINA C. ADAMS

No. 7111SC68

(Filed 31 March 1971)

1. Descent and Distribution § 13— advancement — sufficiency of conveyance to son

The conveyance to petitioner of a 3-acre parcel of land owned by his parents as tenants by the entirety, the conveyance stating that all the parties agreed that the 3-acre parcel represented the entire interest of the petitioner in the lands of his father, *held* sufficient to support a determination that the parents intended the conveyance as an advancement of the petitioner's complete inheritance. G.S. 29-2(1).

2. Descent and Distribution § 13— advancement — intention of the parent

Whether a gift is an advancement depends on the intention of the parent at the time the gift is made.

3. Descent and Distribution § 13; Estoppel § 1— advancement — estoppel by deed

Where a child accepts a deed with knowledge that the lands conveyed therein represent an advancement of his full share of the parents' realty, he is estopped to claim any other lands owned by the parents at the time of their deaths.

APPEAL by petitioners from *Bailey, Superior Court Judge,* 8 September 1970 Civil Session of HARNETT County Superior Court.

Petitioners seek partition of a certain described tract of land in Harnett County, claiming a one-fifth undivided interest therein.

The following facts are not in dispute: In 1933, the male petitioner's father and mother, P. L. Parrish and wife Bettie (Betty) Parrish (Mr. and Mrs. Parrish), acquired by deed a 20.65-acre tract of land in Harnett County. By deed, dated 21 April 1951, they conveyed to petitioners a parcel of approximately 3 acres, which was carved from the 20.65-acre tract. A life estate was reserved therein by Mr. and Mrs. Parrish. The deed recited consideration in the amount of $100 and other valuable consideration and contained the following language: "It is expressly understood and agreed between all parties herein, that the lands herein conveyed represents [*sic*] the entire interest of the said Thurman L. Parrish, in the lands of his father, P. L. Parrish, as of this date."

Mr. Parrish died intestate on 11 October 1956 and Mrs. Parrish died intestate 26 April 1967. Five children, including the male petitioner, survived. Respondents acquired the interest of all the children, except for any interest owned by male petitioner, in the land owned by Mrs. Parrish at her death.

Respondents filed answer denying that petitioners have any interest in the 20.65-acre tract of land, except for the 3-acre parcel conveyed to them by Mr. and Mrs. Parrish by deed of 21 April 1951.

At pretrial conference the parties entered into various stipulations including stipulation No. 7 which provides:

"That if the Court finds as a fact and as a matter of law that Thurman L. Parrish received an advancement by virtue of the conveyance of certain premises by a deed dated April 21, 1951, from P. L. Parrish and wife, Betty M. Parrish, and recorded November 17, 1951, in Book 331, Page 309, Harnett County Registry, then and in that event it is stipulated as an agreed fact that the said Thurman L. Parrish received his full share from the estate of his mother, Betty M. Parrish."

The matter was heard by Judge Bailey who found the conveyance in question to have been an advancement and entered judgment dismissing the petition. Petitioners appealed.

*James F. Penny, Jr., for plaintiff appellants.*

*Woodall, McCormick & Arnold by Gerald Arnold for defendant appellees.*

GRAHAM, Judge.

G.S. 29-2(1) provides that: " 'Advancement' means an irrevocable *inter vivos* gift of property, made by an intestate donor to any person who would be his heir or one of his heirs upon his death, and intended by the intestate donor to enable the donee to anticipate his inheritance to the extent of the gift. . . ."

[1-3] Whether a gift is an advancement depends on the intention of the parent at the time the gift is made. *Harrelson v. Gooden*, 229 N.C. 654, 50 S.E. 2d 901; *Bradsher v. Cannaday*, 76 N.C. 445. We think the language in the deed clearly sufficient to permit a determination by the trial court that Mr. and Mrs. Parrish intended the conveyance of the 3-acre parcel of land,

by deed dated 21 April 1951, as an advancement of the male petitioner's complete inheritance. Petitioners contend that the language of the deed reflects, at most, only an intention that the conveyance constitute an advancement with respect to the lands of Mr. Parrish. However, the agreement expressed in the deed is that of all the parties, and the land being conveyed belonged to both parents as tenants by the entirety. Where a child accepts a deed with knowledge that the lands conveyed therein represent an advancement of his full share of the parents' realty, he is estopped to claim any other lands owned by the parents at the time of their deaths. *Coward v. Coward,* 216 N.C. 506, 5 S.E. 2d 537.

Furthermore, we hold that petitioners are estopped by their stipulation No. 7 from contending that the advancement has no application to Mrs. Parrish's estate. The stipulation clearly provides that if it is determined that the male petitioner received an advancement through the deed of 21 April 1951, he has received his full share from his mother's estate.

Petitioners assign as error the court's refusal to strike from the evidence the agreement, contained in the deed of 21 April 1951, that the lands conveyed represent the entire interest of the male petitioner in the lands of his father. They insist that the statement is immaterial. Far from being immaterial, the statement goes to the very heart of the issue involved in this case. Moreover, petitioners stipulated that this very deed "be admissible in evidence." We overrule this assignment of error.

Petitioners' final assignment of error challenges the court's finding that respondents own the land in question. We agree that title to the property has not been shown to be in respondents in the manner required by decisions in this jurisdiction. See *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142; *King v. Lee,* 9 N.C. App. 369, 176 S.E. 2d 394. However, this finding may be disregarded as the court's finding that petitioners had no interest in the property required that the petition be dismissed.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.