NANCY SNYDER, Petitioner,
v.
MAXINE DUNCAN, JEAN WILSON, and PAUL BUCHANAN, Respondents.
No. COA07-106
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Stephen L. Snyder, for petitioner-appellant.
Gerald R. McKinney, for Paul Buchanan, respondents-appellees.
Lloyd Hise, Jr., for Maxine Duncan and Jean Wilson, respondents-appellees.
JACKSON, Judge.
Nancy Snyder ("petitioner") appeals from a judgment declaring that (1) Paul Buchanan ("Buchanan") possessed a two-thirds undivided interest in an approximately twenty-nine-acre tract of land ("the subject property"); (2) Sara Jean Wilson ("Wilson") and Maxine Duncan ("Duncan") possessed a collective one-fourth undivided interest in the subject property; and (3) petitioner possessed a one-twelfth undivided interest in the property. For the following reasons, we affirm. On 26 November 2000, Charlie Z. Buchanan ("Charlie") died intestate, survived by his wife  Rosa Buchanan ("Rosa")  and his four children  petitioner, Duncan, Wilson, and Buchanan. On 26 October 2002, Rosa died, seized of her undivided interest in the subject property. Thereafter, petitioner offered for probate a paper writing purporting to be Rosa's last will and testament and devising all of her property to petitioner. Wilson and Duncan initiated a caveat proceeding, and a jury determined that the paper writing was Rosa's will. By agreement entered into at the caveat proceeding, petitioner conveyed to Wilson and Duncan a collective one-fourth undivided interest in the subject property out of Rosa's undivided interest in exchange for a release of all of Wilson's and Duncan's claims in the caveat proceeding.
On 7 March 2005, petitioner filed a petition seeking to have the subject property partitioned into severalty between herself and Duncan, Wilson, and Buchanan (collectively, "respondents"). On 5 October 2006, the trial court filed judgment determining petitioner's and respondents' respective interests in the subject property. Thereafter, petitioner filed timely notice of appeal.
When, as in the instant case, "a trial court sits without a jury, the standard of review upon appeal is whether there was competent evidence to support the court's findings of fact and whether its conclusions of law were proper in light of the facts. The trial court's conclusions of law are reviewed de novo." City of Wilmington v. Hill, ___ N.C. App. ___, ___, 657 S.E.2d 670, 671 (2008) (internal quotation marks, alterations, and citations omitted). Petitioner has failed to assign error to any of the trial court's findings of fact, and accordingly, these findings are deemed binding on appeal.Pascoe v. Pascoe, 183 N.C. App. 648, 650, 645 S.E.2d 156, 157 (2007) (quoting In re A.S., 181 N.C. App. 706, 709, 640 S.E.2d 817, 819, aff'd, 361 N.C. 686, 651 S.E.2d 883 (2007) (per curiam)). Additionally, petitioner has failed to assign error to the trial court's findings, conclusions, and decree with respect to the collective one-fourth undivided interest in the subject property shared by Wilson and Duncan, and therefore, Wilson's and Duncan's ownership interest is not at issue before this Court. See N.C.R. App. P. 10(a) (2006); In re J.A.A. & S.A.A., 175 N.C. App. 66, 74, 623 S.E.2d 45, 50 (2005) (noting that failure to assign error to a conclusion of law "`constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts'" (quotingFran's Pecans, Inc. v. Greene, 134 N.C. App. 110, 112, 516 S.E.2d 647, 649 (1999))).
On appeal, petitioner first contends that the trial court erred in finding and concluding that the Charlie made advancements to Duncan and petitioner.[1] We disagree. An "advancement" is defined as "an irrevocable inter vivos gift of property, made by an intestate donor to any person who would be his heir or one of his heirs upon his death, and intended by the intestate donor to enable the donee to anticipate his inheritance to the extent of the gift." N.C. Gen. Stat. § 29-2(1) (2005). "If the advancee acknowledges to the intestate donor by a signed writing that he has been advanced his full share of the intestate donor's estate, both he and those claiming through him shall be excluded from any further participation in the intestate donor's estate." N.C. Gen. Stat. § 29-29 (2005).
With respect to the advancement to Duncan, the trial court found as fact that Charlie and Rosa conveyed an approximately one- and-one-third-acre tract of land to Duncan by deed dated 17 December 1962.[2] The deed contained the following provision: "It is expressly understood that this conveyance shall constitute the entire portion of . . . Duncan's interest in the estate of [Charlie]." Petitioner argues that "[t]he language on this deed is ambiguous[,]" stating that "[t]he term advancement is never used in the deed." However, Charlie's intent  not the terminology in the instrument  is dispositive. See Parrish v. Adams, 10 N.C. App. 700, 701, 179 S.E.2d 880, 881 (1971). The language in the deed that "this conveyance shall constitute the entire portion of . . . Duncan's interest in the estate of [Charlie]" is wholly consistent with an intent by Charlie that the conveyance constitute an advancement. Therefore, the trial court's findings support its conclusion that Charlie's conveyance of real property to Duncan "constitute[d] advancements by [Charlie] as to any and all real property . . . Duncan would inherit from [Charlie]." Accordingly, petitioner's assignment of error is overruled.
With respect to the advancement to petitioner, the trial court found that by deed dated 24 September 1960, Grace Snyder, petitioner's mother-in-law, conveyed a one-half-acre tract of land to petitioner. On 30 April 1997, Buchanan, acting under a power of attorney naming him as Charlie's attorney-in-fact, entered into Charlie and Rosa's safe deposit box and discovered a paper writing that provided:
We, the undersigned Lawrence Snyder and wife, Nancy B. Snyder, hereby agree that Charlie Z. Buchanan, father of Nancy B. Snyder, paid the entire purchase price for the 1/2 acre tract of land described in deed dated 24th September, 1960 from Grace Snyder, widow to Lawrence Snyder and wife Nancy B. Snyder; and we further agree that this purchase price paid by said Charlie Buchanan constitutes an advancement of anything that said Nancy B. Snyder would ever inherit from her father and mother (Charlie Buchanan and Rosa Buchanan) in the way of real estate and that it is agreed by the undersigned that the said Nancy B. Snyder shall have no further interest in any real estate now owned by Charlie Buchanan and wife Rosa Buchanan or in any real estate they may hereafter acquire.
The trial court noted in its findings that "[t]he jury in this case returned a verdict that [petitioner] signed said paper writing," and, notwithstanding her denials to the trial court, petitioner acknowledges in her briefs to this Court that the document contains her signature. "A gratuitous inter vivos transfer is presumed to be an absolute gift and not an advancement unless shown to be an advancement." N.C. Gen. Stat. § 29-24 (2005).[3] "Whether a gift is an advancement depends on the intention of the parent at the time the gift is made." Parrish, 10 N.C. App. at 701, 179 S.E.2d at 882. Petitioner contends that there is no evidence that Charlie intended to make an advancement at the time of the gift because (1) the paper writing found in his safe deposit box has no date on it; and (2) there is no writing signed by Charlie. However, "[i]ntent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, i.e., by facts and circumstances from which it may be inferred." State v. Gammons, 260 N.C. 753, 756, 133 S.E.2d 649, 651 (1963); accord Bowes v. Bowes, 287 N.C. 163, 173.74, 214 S.E.2d 40, 46 (1975) ("Intent being a mental attitude, it must ordinarily be proven, if proven at all, by circumstantial evidence, that is, by proving facts from which the fact sought to be proven may be inferred.'" (quoting State v. Murdock, 225 N.C. 224, 226, 34 S.E.2d 69, 70 (1945))).
In the case sub judice, petitioner signed a writing expressly stating that Charlie paid the purchase price for a tract of land conveyed by deed dated 24 September 1960 from Grace Snyder to petitioner and her husband. Charlie did not sign this writing, but it was found in his safe deposit box. Furthermore, the evidence demonstrated a consistent approach by Charlie in disposing of his estate and providing for his children; specifically, he provided each of his three daughters  Wilson, Duncan, and petitioner  with a tract of land, and the conveyances to Wilson and Duncan each provided that they were in lieu of any other inheritance of Charlie's real property. Both the evidence and the trial court's findings fully support the court's conclusion that "[t]he payment by [Charlie] of the purchase price of the one-half acre of real property . . . conveyed by Grace Snyder to Lawrence Snyder and wife, [petitioner,] . . . constitute[d] an advancement by [Charlie] as to any and all real property [petitioner] would inherit from [Charlie]." Further, because petitioner signed the writing, she acknowledged that she was excluded from inheriting any additional real property from Charlie's estate. N.C. Gen. Stat. § 29-29 (2007). Accordingly, petitioner's assignment of error is overruled.
Petitioner next contends that the trial court erred in determining that Rosa inherited a one-third undivided interest in the subject property from Charlie. We disagree.
With the exception of Buchanan, all of Charlie's children released their share in Charlie's real property. Therefore, when Charlie died intestate on 26 November 2000, Buchanan was entitled to all of the subject property less any amount to which Rosa was entitled. See N.C. Gen. Stat. §§ 29-14(a), -15(2), -16(a)(1) (1999). Rosa's share of Charlie's real property is determined by North Carolina General Statutes, section 29-14, pursuant to which [t]he share of the surviving spouse in the real property is:
(1) If the intestate is survived by only one child or by any lineal descendant of only one deceased child, a one-half undivided interest in the real property;
(2) If the intestate is survived by two or more children, or by one child and any lineal descendant of one or more deceased children or by lineal descendants of two or more deceased children, a one-third undivided interest in the real property;
(3) If the intestate is not survived by a child, children or any lineal descendant of a deceased child or children, but is survived by one or more parents, a one-half undivided interest in the real property;
(4) If the intestate is not survived by a child, children or any lineal descendant of a deceased child or children, or by a parent, all the real property.
N.C. Gen. Stat. § 29-14(a) (1999).
Petitioner contends that, in the event that this Court affirms the trial court's findings and conclusions as to the advancements, Charlie was survived by only one child  Buchanan  and that Rosa's share of Charlie's estate should have been determined by subsection (a)(1) and not subsection (a)(2). Petitioner argues that by accepting the advancements and releasing their claims, Charlie's other children  Wilson, Duncan, and petitioner  could not be considered for purposes of determining Rosa's intestate share in real property. Petitioner's contention is without merit. An "heir" is defined as "any person entitled to take real or personal property upon intestacy." N.C. Gen. Stat. § 29-2(3) (1999). By releasing their claims, Wilson, Duncan, and petitioner no longer were "heirs" for purposes of intestate succession. See N.C. Gen. Stat. §§ 29-2(3), 29-29 (1999). However, a surviving spouse's intestate share in real property is not determined by the number of surviving heirs but by the number of surviving children, see N.C. Gen. Stat. § 29-14(a) (1999), and our Supreme Court has held that "[w]e must presume that the Legislature intended that these words [in section 29-14] bear their ordinary and usual meaning." Newlin v. Gill, 293 N.C. 348, 350.51, 237 S.E.2d 819, 821 (1977).
Additionally, a release is distinguishable from a renunciation, pursuant to which one who succeeds to a property or interest, such as an heir or next of kin, may renounce his or her right of succession to the property or interest. See N.C. Gen. Stat. § 31B-1(a) (1999). If the decedent dies intestate and the renouncer does not have any living issue who would have been entitled to an interest in the property or interest if the renouncer had predeceased the decedent, "then the property or interest shall be distributed as though the renouncer had predeceased the decedent." N.C. Gen. Stat. § 31B-3(c) (1999). There is no analogous provision, however, for deeming one who released his or her claims in exchange for an advancement to have predeceased the decedent. Ultimately, there is no reason that Charlie's surviving children other than Buchanan  specifically, Wilson, Duncan, and petitioner  could not be considered for purposes of determining Rosa's share in his real property. Therefore, Charlie was survived by Wilson, Duncan, Buchanan, and petitioner, and because Charlie was "survived by two or more children," Rosa was entitled to a one-third share in the subject property. N.C. Gen. Stat. § 29-14(a)(2) (1999). Accordingly, petitioner's argument is overruled.
Therefore, when Charlie died, one-third of the subject property passed to Rosa and two-thirds passed to Buchanan. See N.C. Gen. Stat. §§ 29-14(a)(2), 29-29 (1999). As stated supra, petitioner failed to assign error to the trial court's conclusion of law that Wilson and Duncan have a collective one-fourth undivided interest in the subject property. Therefore, petitioner is entitled to one-twelfth of the subject property  i.e., the balance of the subject property after deducting the two-thirds, or eight-twelfths, belonging to Buchanan and the one-fourth, or three-twelfths, belonging to Wilson and Duncan. Accordingly, the trial court's conclusion of law that petitioner is entitled to a one-twelfth undivided interest is affirmed.
Affirmed.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).
NOTES
[1] Petitioner assigned error to the trial court's conclusion of law number 2, which provided that Charlie's conveyances of real property to Wilson and Duncan constituted advancements. However, petitioner has failed to argue in her brief that the trial court erred in concluding that Charlie made an advancement to Wilson. Therefore, we review conclusion of law number 2 only to determine whether the findings support the conclusion that the conveyance to Duncan constituted an advancement. See N.C.R. App. P. 28(b)(6) (2006).
[2] The statutory definition of "advancement" was the same in 1962 as it was in 2006 when the trial court entered judgment. See N.C. Gen. Stat. § 29-2(1) (2007).
[3] This provision was last amended in 1959  prior to the 1960 deed at issue.