STATE v. MAE MURDOCK.

(Filed 23 May, 1945.)

**1. Criminal Law § 52b—**

When the court is to rule upon a demurrer to the evidence in a criminal case, G. S., 15-173, it is required merely to ascertain whether there is any competent evidence to sustain the allegations of the indictment, the evidence being construed in the light most favorable to the State.

**2. Criminal Law §§ 2, 28c—**

Intent being a mental attitude, it must ordinarily be proven by circumstantial evidence, that is, by proving facts from which the facts sought to be proven may be inferred.

**3. Assault and Battery § 11—**

In a criminal prosecution for a felonious assault with intent to kill, where the State's evidence tended to show that defendant, while the prosecuting witness was having a row in her place of business with one of her servants, left the room and returned almost immediately with a shotgun and shot the prosecuting witness at close range, inflicting serious injury, there was sufficient evidence for the jury, and motion for judgment as of nonsuit was properly denied.

APPEAL by defendant from *Bobbitt, J.,* at November Term, 1944, of IREDELL.

The defendant was tried upon a bill of indictment charging that on 28 March, 1944, she "did unlawfully, wilfully, maliciously and feloniously assault, beat and wound one James L. Warren with intent to kill, with a deadly weapon, to wit, a shotgun and did inflict serious injury, not resulting in death upon the said James L. Warren in the following manner, to wit: By shooting the said James L. Warren in the leg thereby necessitating the removal of said leg by an operation."

There was evidence tending to prove that James L. Warren, in company with his wife and one James Milstead and his wife, went to the place of business of the defendant, where meals were served to the public; that they had some beer with them and were told by the husband of the defendant that Milstead would not be served. Milstead then went out of the place, and Warren went to get his wife and the wife of Milstead, who had gone into the dining room. When they returned Warren,

according to the testimony of the State's witnesses, spoke to one of the waiters about not being served; according to the evidence of the defendant, Warren assaulted a waiter and beat and kicked him; later the shooting took place, but the evidence as to the immediate details and circumstances of the shooting is not all in accord. The State's evidence tends to show that the defendant shot Warren, and the defendant's evidence tends to show that the defendant did not intend to kill Warren, that the actual shooting was an accident.

The jury returned a verdict of "guilty as charged in the bill of indictment," and from judgment of imprisonment, predicated on the verdict, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Lewis & Lewis and Hugh G. Mitchell for defendant, appellant.*

SCHENCK, J. The defendant appellant states in her brief that "while there are several exceptions in the record, the main contention of the defendant is that there is not sufficient evidence to take the case to the jury on the felony charge." The defendant contends that there is no evidence that she committed upon the prosecuting witness Warren an assault with intent to kill, and therefore her motion to dismiss this charge duly lodged under G. S., 15-173, should have been allowed. In fact, the exception to the refusal to sustain the demurrer to the evidence and exceptions to the charge which appear in the record present but a single question for decision, namely, was there sufficient evidence to be submitted to the jury on the question of the existence in the mind of the defendant Murdock of an intent to kill the prosecuting witness Warren. Since we are to rule upon a demurrer to the evidence as to charge of a felonious assault we are required merely to ascertain whether there is any competent evidence to sustain the allegations of the indictment. *S. v. Landin,* 209 N. C., 20, 182 S. E., 689, and cases there cited.

When the evidence be construed in the light most favorable to the State, as it must be on a demurrer thereto, *S. v. Coal Co.,* 210 N. C., 742, 188 S. E., 412, and cases there cited, it appears that the defendant, without any cause fired a shotgun at the prosecuting witness when she was only 14 or 16 feet away from him, the shot struck the witness in the leg and as a result of the wound the leg had to be amputated. The defendant herself testified, "He then came up with the chair and drew it on me, and when he came up with the chair the gun was down, and just as I got the gun to my stomach it went off." Notwithstanding the defendant testified that the actual shooting was accidental the jury declined to adopt her statement and found the defendant guilty as

charged in the bill of indictment which contained the allegation that assault was committed with intent to kill.

Intent being a mental attitude, it must ordinarily be proven, if proven at all, by circumstantial evidence, that is, by proving facts from which the fact sought to be proven may be inferred. It should have been left to the jury to determine, from all the facts and circumstances, whether the ulterior criminal intent to kill existed in the mind of the defendant at the time the shooting took place. *S. v. Smith,* 211 N. C., 93, 189 S. E., 175. It would seem, and we so hold, that there was present evidence of such facts as would authorize the jury to infer an intent to kill on the part of the defendant. The evidence that the defendant left the room and returned almost immediately with a shotgun, and shot the prosecuting witness at close range, inflicting serious injury, was sufficient to carry the case to the jury upon the question of the existence in the mind of the defendant at the time of the shooting of an intent to kill.

Attention is called to the fact that the brief of the defendant appellant falls short of compliance with Rule 28 of Rules of Practice in the Supreme Court of North Carolina, 221 N. C., 562, in that it does not "contain, properly numbered, the several grounds of exception and assignments of error with reference to printed pages of transcript." However, we have examined all of the exceptions in the record and we find no substantial merit therein.

The judgment of the Superior Court is affirmed, since there is in the record

No error.