STATE OF NORTH CAROLINA v. FREDERICK JAMES COTTINGHAM

No. 7620SC80

(Filed 7 July 1976)

1. Criminal Law §§ 145, 154— consolidated trial of defendants — multiple records on appeal — taxing of costs against attorneys
    Where attorneys appointed to represent three defendants in an appeal from a consolidated trial of defendants for the same offense caused three separate records on appeal to be filed in the appellate court, the attorneys were taxed with the costs of printing the two redundant records on appeal. App. R. 9(b)(5).

2. Criminal Law § 92— consolidation of cases against three defendants
    Cases against three defendants charged with the same offense were properly joined for trial although the solicitor's motion was not in writing. G.S. 15A-926(b)(2).

3. Criminal Law § 92— consolidation of cases for trial — absence of motion
    Even in the absence of any motion, the trial judge may direct that criminal cases be consolidated for trial where proper grounds for joinder exist and when to do so will promote the ends of justice and facilitate proper disposition of the cases on the docket before him.

4. **Criminal Law § 113— consolidated trial — instructions — consideration of guilt or innocence of each defendant separately**

The trial court's instructions in a consolidated trial of three defendants could not have misled the jury into believing that if they found one or more of the defendants guilty they were to find all three guilty; furthermore, any possible question as to this was removed when, after the jury foreman announced that the jury "combined it all and found all parties guilty as charged," the court refused to accept the foreman's statement as a verdict, again instructed the jury as to the permissible verdicts as to each defendant and told them that they must return a verdict as to each defendant, and the jury thereafter returned a verdict as to each defendant.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 15 October 1975 in Superior Court, RICHMOND County. Heard in the Court of Appeals 6 May 1976.

Defendant Cottingham was charged in a bill of indictment, proper in form, with the felony of assault with a deadly weapon with intent to kill, inflicting serious injury upon one Wesley Long. By separate indictments Eugene McKenzie and his wife, Patricia Ann McKenzie, were charged with the same offense. The three cases were joined for trial.

The State's evidence showed the following: Wesley Long went to the Blue Bird Lounge about 11:00 p.m. on 13 July 1975. He did not know defendant Cottingham or either of the McKenzies. Long went to the rest room and upon emerging from it was struck and knocked down by Eugene McKenzie. Long got a cue stick and pursued Eugene McKenzie into the parking lot. Once there Cottingham grabbed, held, and cut Long several times with a knife. Eugene McKenzie also cut Long several times while Cottingham held Long. Long fell to the ground, and Patricia Ann McKenzie jumped upon him and cut him with a knife. Finally Long was able to flee across the street, where he obtained help. He was taken to the hospital by the rescue squad. Long sustained multiple cuts to his face and back which required several hundred stitches to repair. One cut through the wall of his chest cut his diaphragm and exposed his lung and kidney. He remained in the hospital until 22 July 1975.

Defendant Cottingham testified that he saw Long hit Eugene McKenzie with the cue stick, that he grabbed Long and took the stick from him, that he hit Long with the stick, but that he did not cut Long. Defendant's witnesses corroborated his version of the occurrence.

Defendant was found guilty as charged and sentenced to twelve years in prison.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr. for the State.*

*Pittman, Pittman & Dawkins by Donald M. Dawkins for defendant appellant.*

PARKER, Judge.

[1] This is an appeal by the defendant, Frederick James Cottingham, from the same trial at which his co-defendants, Eugene McKenzie and Patricia Ann McKenzie, were also found guilty. Each of the three defendants appealed. Their attorneys caused three separate records on appeal to be filed in this Court. There should have been but one. Rule 11(d), North Carolina Rules of Appellate Procedure. For the reasons stated by Chief Judge Brock in the opinion in *State v. Patricia Ann McKenzie,* case No. 7620SC74, which is filed contemporaneously herewith, defendant Cottingham's court appointed attorney, Mr. Donald M. Dawkins, will be personally taxed with costs in the sum of $150.00.

[2, 3] Defendant Cottingham assigns error to the consolidation of the three cases for trial. Since each defendant was charged with the same offense, the cases were properly joined for trial. G.S. 15A-926(b)(2). The solicitor did not file a written motion for joinder, but appellant has shown no way in which he was prejudiced because the motion was not in writing. Even in the absence of any motion, the trial judge may direct that criminal cases be consolidated for trial where, as here, proper grounds for joinder exist and when to do so will promote the ends of justice and facilitate proper disposition of the cases on the docket before him.

Defendant presents a number of assignments of error directed to the court's rulings sustaining objections to questions asked by defense counsel of certain witnesses. The record does not show what the answers would have been had the witnesses been permitted to answer. Therefore we cannot know whether the rulings were prejudicial. The burden is on appellant not only to show error but to show prejudicial error. *State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20 (1972).

State v. Cottingham

**[4]**   Defendant assigns error to portions of the court's charge to the jury which he contends encouraged the jury to treat all three defendants in the same manner. It is true, of course, that "when two or more defendants are jointly tried for the same offense, a charge which is susceptible to the construction that the jury should convict all if it finds one guilty is reversible error." *State v. Tomblin,* 276 N.C. 273, 276, 171 S.E. 2d 901, 903 (1970). Examination of the charge in the present case, however, reveals that the jury was clearly instructed to reach a separate verdict as to each defendant. The judge separately stated each particular charge as to each defendant and instructed as to the applicable law on each offense. The jury could not have been misled into believing that if they found one or more of the defendants guilty they were to find all three guilty. Any possible question as to this was removed when, after the foreman of the jury announced, "Your honor, we combined it all and found all parties guilty as charged," the judge properly refused to accept the foreman's statement as a verdict. Instead, he reinstructed the jury, again clearly informing them as to the permissible verdicts as to each defendant and instructing them that they "must return a verdict as to each defendant." The jury was then sent back to the jury room, and on return the foreman correctly announced the verdict as to each defendant. Thereafter, on motion of the attorneys for the defendants, the jury was polled, and all members of the jury agreed that the separate verdicts announced by their foreman were their verdicts and that they still assented thereto.

We have carefully examined all of defendant's remaining assignments of error, and in the trial and in the judgment appealed from find

No error.

Judges BRITT and MARTIN concur.