STATE OF NORTH CAROLINA v. GARY GEORGE CAMPBELL, SR.

No. 8022SC985

(Filed 7 April 1981)

**1. Jury § 5.1– improper jury selection procedure – harmless error**

The trial court violated the requirement of G.S. 15A-1214(a) that prospective jurors be called "from the panel by a system of random selection which precludes advance knowledge of the identity of the next juror to be called" by beginning the jury selection process with only eleven members of the jury panel present, since not only was it certain that all eleven of the jurors would be placed in the jury box, but it was also impossible to have "random selection" of the eleventh juror once the other ten had been placed in the box. However, defendant was not prejudiced by such error where he exercised only two of the peremptory challenges afforded him under G.S. 15A-1217(b)(1).

**2. Criminal Law § 72– opinion as to age – sufficient observation**

In this prosecution for taking indecent liberties with minors, an officer's testimony that he had contacted defendant and taken a statement from him showed that the officer had sufficiently observed defendant to render admissible his opinion testimony that he had determined defendant's age to be 28 at the time of defendant's arrest.

**3. Rape § 19– taking indecent liberties with minors – credibility of minor witness – sufficiency of evidence for jury**

In this prosecution for taking indecent liberties with minors, inconsistencies in the testimony of the State's minor witness were not serious enough to render the witness's testimony inherently incredible, and the evidence was sufficient to support a jury finding that defendant took indecent liberties with three children "for the purpose of arousing or gratifying sexual desire" within the meaning of G.S. 14-202.1(a)(1) where it tended to show that defendant offered to give the children money for performing acts of a sexual nature and for not telling anyone.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 17 June 1980 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 13 February 1981.

Defendant was convicted by a jury on three counts of taking indecent liberties with children. G.S. 14-202.1. The record indicates that the jury selection for defendant's case began at 11:30 in the morning, that when the jury venire had reported to the court that morning the trial before defendant's had still been going on from the previous day, and that the court had excused the prospective jurors until 2:00 that afternoon. When the previous trial was completed at 11:30, the court seated the

eleven prospective jurors who had remained in the courtroom during the morning session. Defendant objected to the selection of the jury without the full panel being present. The voir dire proceeded, and of the eleven jurors present, the defendant excused one man and one woman, leaving nine jurors. After the noon recess remaining members of the venire reported in as instructed, three more prospective jurors were placed in the jury box, and jury selection proceeded. The record indicates no further challenges by the defendant.

At trial an officer of the Davidson County Sheriff's Department testified that he had contacted the defendant and procured a statement from him. He testified over defendant's general objection that he had determined defendant's age to be twenty-eight at the time of the arrest.

Further facts will be stated as necessary in the body of the opinion.

*Attorney General Edmisten by Assistant Attorney General Frank P. Graham for the State.*

*Garry W. Frank for defendant appellant.*

CLARK, Judge.

[1] Defendant assigns as error the selection of the jury on the grounds that beginning the voir dire with only eleven members of the jury venire violated the requirement of G.S. 15A-1214(a) that prospective jurors be called "from the panel by a system of random selection which precludes advance knowledge of the identity of the next juror to be called." We agree with defendant that the court erred by proceeding to select a jury from a panel of only eleven. Not only was it certain that all eleven of the jurors would be placed in the box, but it was also impossible to "randomly select" the eleventh juror once the other ten had been placed in the box. At least as to that eleventh juror, everyone in the courtroom had "advance knowledge of the identity of the next juror to be called." *Id.*

Having shown error, the burden is on defendant to show how he was prejudiced thereby. G.S. 15A-1443(a); *State v. Stanfield,* 292 N.C. 357, 233 S.E. 2d 574 (1977); *State v. Cottingham,* 30 N.C. App. 67, 226 S.E. 2d 387 (1976). He does not. The record discloses defendant's exercise of only two of the peremptory

challenges afforded him under G.S. 15A-1217(b)(1). In overruling defendant's assignment of error, we follow the well-reasoned statement of Justice Stacy, speaking for our Supreme Court:

> "It should be observed that no ruling relating to the qualification of jurors and growing out of challenges to the polls will be reviewed on appeal, unless the appellant has exhausted his peremptory challenges and then undertakes to challenge another juror. [Citation omitted.] His right is not to select but to reject jurors; and if the jury as drawn be fair and impartial, the complaining party would be entitled to no more than a new trial, and this he has already had on the first trial. [Citations omitted.] Hence the ruling, even if erroneous, would be harmless."

*State v. Levy*, 187 N.C. 581, 587-88, 122 S.E. 386, 390 (1924). *See also State v. Young*, 287 N.C. 377, 214 S.E. 2d 763 (1975), *death penalty vacated*, 428 U.S. 903, 49 L. Ed. 2d 1208, 96 S. Ct. 3207 (1976). We hold that the procedure of which defendant complains constitutes harmless error.

[2] Defendant next assigns as error the admission, over his general objection, of testimony by Lieutenant John Carickhoff of the Davidson County Sheriff's Department that he had determined defendant's age to be twenty-eight at the time of his arrest. We note that a lay witness may testify to his opinion as to the age of a defendant in a criminal case provided he had an adequate opportunity to observe and did in fact observe the defendant. *State v. Gray*, 292 N.C. 270, 233 S.E. 2d 905 (1977). Prior to Officer Carickhoff's testimony that defendant was twenty-eight, he related that he had contacted defendant and taken a statement from him. We believe this provided the Lieutenant with the observation necessary to render his opinion admissible.

Defendant argues, however, that Carickhoff's statement was not one of opinion, but was inadmissible hearsay based on "his investigation of the case and discussions with the defendant and other parties." The record does not support this contention. Defendant cross-examined Lieutenant Carickhoff, but failed to address a single question to the Lieutenant's basis for his determination that the defendant was twenty-eight. In light of defendant's failure to base his objection on the hearsay rule, the inadequacy of the record to support defendant's claim

State v. Campbell

that the officer's determination was based upon hearsay, and the admissibility of the officer's statement as a lay opinion, we hold that the alleged inadmissibility of the statement as hearsay was not "clearly presented" to the trial court by defendant's general objection. G.S. 15A-1446(a).

[3] Defendant's final assignment of error is to the denial of his motions to dismiss at the close of the State's evidence and again at the close of all the evidence. He supports this argument first by pointing to inconsistencies in the evidence of one of the minors who testified against him. He admits that these inconsistencies all deal with collateral matters, but insists that taken together they lead to "serious questions concerning the credibility of the witness." We have examined these inconsistencies and do not consider them serious enough to render the witness's testimony inherently incredible. *Cf. State v. Miller*, 270 N.C. 726, 154 S.E. 2d 902 (1967). The witness's credibility was therefore properly before the jury, and was not a question for the trial court. *See* 1 Stansbury's N.C. Evidence § 8 (Brandis Rev. 1973) and cases cited therein.

Defendant's second argument for why his motions to dismiss should have been granted is based on the requirement in G.S. 14-202.1 (a)(1) that the indecent liberties with which he is charged must have been performed "for the purpose of arousing or gratifying sexual desire. . . ." He argues that this was an essential element in the crime with which he was charged and that no direct evidence was presented relative to this element. A defendant's purpose, being a mental attitude, is seldom provable by direct evidence and must ordinarily be proven by inference. *See State v. Murdock*, 225 N.C. 224, 34 S.E. 2d 69 (1945). We have examined the record and find testimony that the acts of which defendant was convicted were of a sexual nature and were performed at his request. There is evidence that defendant offered to give the children money for performing the acts and for not telling anyone. We believe this evidence was sufficient to warrant the jurors' inference that the defendant took indecent liberties with these children "for the purpose of arousing or gratifying [his] sexual desire. . . ." G.S. 14-202.1(a)(1).

Defendant had a fair trial free from prejudicial error.

No error.

Judges ARNOLD and MARTIN (Harry C.) concur.