STATE OF NORTH CAROLINA v. LEROY FELTON POINDEXTER

No. 8315SC946

(Filed 1 May 1984)

1. Criminal Law § 66.9— photographic lineup—identification not tainted

There was no merit to defendant's contention that a pretrial photographic identification procedure was unnecessarily suggestive and created a substantial likelihood that the identification at trial was tainted where two witnesses viewed defendant for over two minutes under good conditions and each witness selected defendant from a group of five to seven photographs within 24 hours of the robbery for which defendant was being tried.

2. Criminal Law § 92— joinder of trials—motion not in writing and made after arraignment

There was no prejudicial error in the joinder of defendant's trial with that of his accomplice where the joinder motion was not in writing and was made after arraignment since arraignment was waived and since G.S. 15A-926(b)(2) enables a court to order a joinder on its own initiative without a motion of any kind, written or oral.

APPEAL by defendant from *Bowen, Judge*, and *Lewis, John B., Jr., Judge*. Order entered 6 November 1982 and judgment entered 8 December 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 February 1984.

Defendant was convicted of the armed robbery of a Burlington convenience store.

Evidence at trial tended to show the following: Approximately thirty minutes past midnight on June 21, 1982, Harvey Bur-

nette and Gregory Saunders were working at Joe's Shopwell, Burnette then being inside the store and Saunders just outside. Two black males, one armed with a sawed-off shotgun, entered the store, demanded money, took $360 in small bills from the cash register, and left in a late model yellow-green Cadillac with New York tags. According to Burnette, defendant was the robber with the shotgun. Saunders, outside the store, saw Milton Ford, a co-defendant, and defendant together in the parking lot; Ford approached Saunders, asked about somebody's address, and after two or three minutes of conversation pulled a pistol on him and Saunders fled. Three hours later defendant and Ford were apprehended by police officers in Durham; they were in a late model yellow-green Cadillac with New York tags, a sawed-off shotgun, identified by Burnette as the gun used in the robbery, was in the trunk, and each had approximately $150 in small bills in his trouser pockets. Later that morning Burnette was shown two photographic lineups of five to seven photographs each and immediately identified among those defendant as the robber. Later that day Saunders was also shown the photographs and identified defendant as the person that he saw outside the store with Ford just before the robbery. Both witnesses also identified the defendant at trial.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Allen, Walker and Cecil, by Loretta A. Cecil, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant's first and main contention is that the pretrial photographic identification procedure employed by the State was unnecessarily suggestive and created a substantial likelihood that the identification at trial was tainted, thus requiring its exclusion. This contention is without merit. Following defendant's motion to suppress, Judge Lewis conducted an extensive *voir dire* hearing thereon. Testimony at the hearing indicated that within twenty-four hours of the robbery a group of five to seven photographs was presented to both Burnette and Saunders, but on separate occasions, with the request that they select the perpetrator if he was among those pictured. Each immediately selected defendant's

picture from the group and each testified that he got a good look at defendant either before or during the robbery and had no difficulty recognizing him both in the picture and in court. Burnette testified that: He looked at defendant for two or three minutes in a well-lighted part of the store while defendant held a sawed-off shotgun on him, recognized him in court from seeing him at that time, and accurately described defendant's appearance, physical characteristics and attire to the police officers immediately after the robbery. Saunders testified that: He was in defendant's presence for three to four minutes outside the store, which was also well-lighted, and even though he spent most of that time in conversation with Milton Ford, he also was observing defendant a short distance away, and was sure from seeing defendant in court that he was the person with Ford just before the robbery. From the evidence so heard, the court found and concluded that the identification procedures employed were "not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification" and also that the in-court identification of defendant by the witnesses "is of origin independent of any out-of-Court identification procedure." Since the findings and conclusions so found and made are supported by competent evidence, they are conclusive, *State v. Long*, 293 N.C. 286, 237 S.E. 2d 728 (1977), and this assignment of error is therefore denied.

[2]　Defendant's only other contention is that he was deprived of a fair trial because the court joined his trial with that of his accomplice, Ford. The express basis for the contention, as stated in the assignment of error that supports it, is that the State's joinder motion was not in writing and was made after arraignment. Arraignment was waived on 17 August 1982. The State's oral motion to join was made during the October 25, 1982 session of court, when the trial judge was hearing various motions by the defendants. The motion was really made in response to defense counsel's inquiry as to whether Ford and defendant were going to be tried together and counsel asked the court to defer its ruling for a day or two until the two defense lawyers could determine whether any conflict existed between the defendants. Apparently, no grounds for conflict were found, since defendant did not mention joinder again, according to the record and transcript, until the trial began six weeks later. At that time both defendants, without either explanation or argument, asked the court to note

their objections to being tried together. Defendant does not state in his brief how he might have been prejudiced because the State's motion was not in writing and we cannot perceive that he was. Certainly, the record fails to show defendant was prejudiced by the oral motion. *State v. Campbell,* 51 N.C. App. 418, 276 S.E. 2d 726 (1981).

Furthermore, when the grounds for joinder set forth in G.S. 15A-926(b)(2) exist, as they clearly did here, the court can order a joinder on its own initiative without a motion of any kind, written or oral. *State v. Cottingham,* 30 N.C. App. 67, 226 S.E. 2d 387 (1976).

No error.

Judges WELLS and BRASWELL concur.