STATE OF NORTH CAROLINA v. TEDDY DEWEY SLONE

No. 8422SC1262

(Filed 17 September 1985)

**1. Rape and Allied Offenses § 19— taking indecent liberties with a child—evidence sufficient**

The State's evidence was sufficient to warrant the inference that defendant willfully took indecent liberties with a child for the purpose of arousing or gratifying his sexual desire where there was evidence that the defendant led his victim, in the course of playing hide-and-go-seek, into a dark dog shed; while hiding there the defendant put his arm around the victim, placed his hand between her legs and underneath her softball shorts, and rubbed her vagina with his finger; and, when the victim tried to move away, defendant pulled her back to him and fondled her again. G.S. 14-202.1(a)(1).

**2. Rape and Allied Offenses § 19— taking indecent liberties with a child—evidence relevant**

In a prosecution for taking indecent liberties with a twelve-year-old girl, the court did not err by allowing the prosecutrix to testify about whether the defendant had on prior occasions played hide-and-go-seek with the children in the neighborhood and whether the defendant had ever hidden with her before.

State v. Slone

The fact that defendant had previously played hide-and-go-seek with the children served to strengthen the evidence that defendant played hide-and-go-seek on the date in question, and the fact that the prosecutrix could not remember the defendant ever hiding with her before tended to explain why this was the first occasion defendant had fondled her. G.S. 8C-1, Rule 401.

3. **Rape and Allied Offenses § 19— taking indecent liberties with a child—evidence that witnesses shocked—no prejudice**

There was no prejudice in a prosecution for taking indecent liberties with a twelve-year-old girl in permitting the prosecutrix's mother and another witness to testify that the prosecutrix's story about the fondling shocked them where defendant did not make timely objections and where the defendant elicited from the prosecutrix on cross-examination that her mother had become upset when told that defendant had fondled her. G.S. 8C-1, Rule 103(a)(1).

4. **Rape and Allied Offenses § 19; Criminal Law § 50.2— taking indecent liberties with a child—opinion of mother—admissible**

The court did not err in a prosecution for taking indecent liberties with a twelve-year-old girl by admitting into evidence testimony of the prosecutrix's mother that a prior incident in which defendant allegedly cursed the prosecutrix had nothing to do with the subject charge against defendant. The questioning was permissible to counter the inference by the defendant that the victim was a liar and that the charge made by her was motivated by the cursing incident. G.S. 8C-1, Rule 701.

5. **Criminal Law § 162— taking indecent liberties with minor—objections sustained—failure to place answers in record—no prejudicial error**

In a prosecution for taking indecent liberties with a twelve-year-old girl, there was no prejudicial error in sustaining the State's objections to defendant's questions concerning what effect the divorce of the prosecutrix's parents and her mother's marital difficulties had on the prosecutrix where no sufficient offer of proof of the excluded evidence was made.

6. **Rape and Allied Offenses § 19— indecent liberties with child—witness with no personal knowledge—testimony admissible**

In a prosecution for taking indecent liberties with a twelve-year-old girl in a dog shed while playing hide-and-go-seek, the trial court did not err in allowing the prosecutrix's brother to testify about the incident even though he had no personal knowledge of the events in question and did not err in asking two questions of the brother. The brother testified that while he did not see the defendant, the prosecutrix, and another child go into the shed, he and another child found them there. The two questions asked by the trial court sought only to clarify the time frame of the event about which the witness was testifying and the brother's inability to recall the exact date in August when the game of hide-and-go-seek occurred went to the weight of his testimony and not to its admissibility. G.S. 15A-1222.

APPEAL by defendant from *Davis, Judge.* Judgment entered 11 July 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 28 August 1985.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Daniel C. Higgins for the State.*

*Wilson, Biesecker, Tripp & Sink by Joe E. Biesecker and Charles E. Frye III for defendant appellant.*

COZORT, Judge.

Defendant was convicted of taking indecent liberties with a child in violation of G.S. 14-202.1(a)(1). He appeals his conviction alleging, among other assignments of error, the trial court should have granted his motion to dismiss the charge against him because the State's evidence was insufficient to prove that he acted willfully and "for the purpose of arousing or gratifying sexual desire." G.S. 14-202.1(a)(1). We find no error.

The State's evidence tended to show that during the evening hours of 13 August 1982, Tammy Burkhart; her brother, Chad; the defendant; defendant's son, Wayne; and Wayne's friend, Lee, were playing hide-and-go-seek at the defendant's home. At defendant's suggestion, Tammy and Lee hid with the defendant in a dog shed. Once inside the dark dog shed defendant put his arm around Tammy, placed his hand between her legs and underneath her softball shorts and rubbed her vagina with his finger. When Tammy attempted to move away from the defendant, he pulled her closer to him and rubbed her vagina again. Tammy then quit playing hide-and-go-seek and returned to her home next door. At the time the incident occurred, Tammy was twelve years old and the defendant was thirty-two.

Defendant was convicted under G.S. 14-202.1(a)(1) which provides, in pertinent part:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years *for the purpose of arousing or gratifying sexual desire* . . . . [Emphasis added.]

Defendant argues that at most the State proved that he did the prohibited act but not that he did so willfully and "for the purpose of arousing or gratifying sexual desire." *Id.*

[1] Upon a motion to dismiss in a criminal action, "all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977).

In *State v. Campbell*, 51 N.C. App. 418, 276 S.E. 2d 726 (1981), the defendant challenged his conviction under G.S. 14-202.1(a)(1) on the grounds that there was no direct evidence that he acted "for the purpose of arousing or gratifying sexual desire." There we noted that "[a] defendant's purpose, being a mental attitude, is seldom provable by direct evidence and must ordinarily be proven by inference." 51 N.C. App. at 421, 276 S.E. 2d at 729. Here there is evidence that the defendant led his victim, in the course of playing hide-and-go-seek, into a dark dog shed. While hiding there the defendant put his arm around the victim, placed his hand between her legs and underneath her softball shorts, and rubbed her vagina with his finger. When the victim tried to move away, defendant pulled her back to him and fondled her again. This evidence was sufficient to warrant the inference that the defendant willfully took indecent liberties with the child for the purpose of arousing or gratifying his sexual desire.

Defendant's five remaining assignments of error concern the admission or exclusion of evidence.

[2] Defendant first alleges the trial court improperly allowed the prosecutrix, Tammy Burkhart, to testify whether the defendant had, on prior occasions, played hide-and-go-seek with the children of the neighborhood and whether the defendant had ever hidden with her before. Defendant contends that testimony was irrelevant. G.S. 8C-1, Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here the fact that defendant had previously played hide-and-go-seek with

the children serves to strengthen the evidence that defendant played hide-and-go-seek on the date in question. Similarly, the fact that the prosecutrix could not remember the defendant ever hiding with her before tended to explain why this was the first occasion defendant had fondled her. Thus, the testimony was relevant to the issues in this case and, therefore, was properly admitted into evidence.

[3] Defendant's second assignment of error is that the trial court erred in allowing witnesses Vicki Thompson and Jean Joyce to testify that Tammy's story about the fondling shocked them. Defendant contends such testimony was irrelevant and prejudicial. First, we note that the record reveals that even though the prosecutor's questions to witnesses Thompson and Joyce indicated the desired answer, the defendant did not object until after the witnesses had answered. The objections were not timely, thus defendant has waived this assignment of error. *State v. Burgess*, 55 N.C. App. 443, 447, 285 S.E. 2d 868, 871 (1982); G.S. 8C-1, Rule 103(a)(1).

Assuming, however, that this assignment of error is properly before us and that the evidence was irrelevant; it was not prejudicial. The defendant, on cross-examination of the prosecutrix, had already elicited from her that her mother, Jean Joyce, became upset when she told her that defendant had fondled her. Therefore, there was no prejudice in the State showing that Tammy's mother and Vicki Thompson were both shocked by what Tammy told them.

[4] Defendant's next assignment of error is that the trial court improperly admitted into evidence certain testimony of Jean Joyce, the prosecutrix's mother. On cross-examination of the prosecutrix, defendant attempted to discredit her by asking her about a prior altercation between her and the defendant. Defendant asked the prosecutrix if, in fact, she had not admitted lying to her parents that the defendant cursed her. The prosecutrix denied admitting to her parents that she had lied because she said the defendant had in fact cursed her. On direct examination of Jean Joyce, the prosecutor asked her about the prior altercation between her daughter and the defendant, which had occurred some two weeks prior to the incident in question. The prosecutor asked Ms. Joyce whether, to her knowledge, the cursing incident had anything to do with the subject charge against the defendant. Ms.

Joyce replied that it did not. Defendant objects to this question and argues that the question was improper because it required the witness to state her personal opinion in a conclusory manner. We hold the questioning was permissible to counter the inference by the defendant that the victim was a liar and that the charge made by her was motivated by the cursing incident. To the extent that Jean Joyce's testimony on this point constituted opinion testimony, such testimony was permissible under G.S. 8C-1, Rule 701 which allows a layman to testify in the form of an opinion when such "opinions . . . are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of [her] testimony or the determination of a fact in issue."

[5] By his fourth assignment of error defendant argues that the trial court erred by sustaining the State's objections to defendant's questions to Jean Joyce concerning what effect, if any, the divorce of Tammy's parents and her mother's marital difficulties had on Tammy. We find no prejudicial error. No sufficient offer of proof of the excluded evidence was made. Defendant has the burden of establishing that the exclusion of evidence was prejudicial to his case. Therefore, "answers the [witness] would have given must be placed in the record in order to determine the alleged error was prejudicial." *State v. Boykin*, 298 N.C. 687, 699, 259 S.E. 2d 883, 890 (1979).

[6] Finally, defendant contends the trial court erred by allowing Chad Burkhart to testify about the 13 August 1982 incident because he allegedly had no personal knowledge of the events in question. Defendant further argues that the trial court's asking two questions of Chad Burkhart constituted an opinion on the believability of the witness. These contentions are without merit. Chad Burkhart testified concerning playing hide-and-go-seek with his sister, Tammy, the defendant, and several other children in August of 1982. He testified that while he did not see the defendant, Lee, and Tammy go into the shed, he and Wayne found them there. While Chad Burkhart could not recall the exact date in August when this game of hide-and-go-seek occurred, his inability to recall the specific date goes to the weight of his testimony and not its admissibility. As to the two questions asked by the trial court, the record shows that the trial court sought only to clarify the time frame of the event about which the witness was testifying. These questions were permissible because they in no way

suggested an opinion as to the witness's credibility or the defendant's guilt or innocence. G.S. 15A-1222.

In sum, we find the evidence sufficient to go to the jury and the trial court's evidentiary rulings without prejudicial error.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.