STATE OF NORTH CAROLINA v. MICHAEL DEAN DAVIS, JR.

No. COA10-1388

(Filed 2 August 2011)

**1. Sexual Offenses—multiple counts—sufficiency of evidence—testimony of each act not present**

The trial court did not err by denying defendants' motions to dismiss multiple counts of indecent liberties, first-degree statutory sex offense with a child under thirteen, and second-degree sex offense where the victim did not testify to each attack as a separate incident. The victim clearly described discrete instances of different types of sexual acts perpetrated upon him by defendant over a long period of time.

**2. Jury—verdict—unanimity—multiple sexual acts against child**

There was no danger of a lack of unanimity between jurors as to thirty-six verdicts of indecent liberties, first-degree statutory sex offense with a child under thirteen, and second-degree sex offense. The victim testified that he was forced to perform multiple sexual acts over a two year period and defendant was indicted for six counts of first-degree sex offense with a child under thirteen, six counts of second-degree sex offense, and twenty-four counts of indecent liberties.

Appeal by defendant from judgments entered 14 April 2010 by Judge John L. Holshouser in Iredell County Superior Court. Heard in the Court of Appeals 25 May 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Olga Vysotskaya, for the State.*

*Russell J. Hollers, III, for defendant-appellant.*

BRYANT, Judge.

Because the evidence presented at trial was sufficient to withstand defendant's motions to dismiss, defendant's arguments are overruled, and we affirm the judgment of the trial court.

On 6 April 2009, defendant was indicted on twenty-four counts of indecent liberties with a child, six counts of first-degree statutory sex offense with a child under the age of thirteen, and six counts of second-degree sex offense.

At trial, evidence was presented that defendant lived alone with his son, Marvin[1], who was born in 1994, for the time during which Marvin attended the first through the eighth grades. Marvin testified that in 2005, during the fall of his sixth grade year, defendant called him into his bedroom and told him to rub defendant's penis. Marvin refused. Defendant threatened to "whoop" Marvin, and Marvin rubbed defendant's penis. Marvin testified that this would occur once a week on Friday, and it was rare that it would not happen. From 2006 to 2007, Marvin attended the seventh grade. He testified that during this time, beginning in September 2006, defendant required him to perform fellatio. With few exceptions, defendant forced Marvin to engage in this behavior once a week. Further, defendant would masturbate in front of Marvin every week and compelled Marvin to masturbate, also. Marvin testified that there were perhaps only three or four weeks that defendant did not engage Marvin in those sex acts. In the summer following his seventh grade year, Marvin went to stay with his mother and grandmother. Marvin testified that defendant informed him that if he disclosed their sexual relations to anyone, Marvin would suffer a car accident and burn to death. In December 2008, Marvin told his mother about defendant's sex acts.

Defendant moved to dismiss the charges at the end of the State's evidence and again at the end of all the evidence. Defendant's motions to dismiss were denied by the trial court. Thereafter, a jury found defendant guilty on all counts. The trial court entered judgment in accordance with the jury's verdict. Defendant's twenty-four convictions for indecent liberties with a child were consolidated to three sentences of 13 to 16 months active punishment, to be served con-

---

1. A pseudonym has been used to protect the identity of the sexual assault victim.

secutively. Defendant's convictions for six counts of first-degree statutory sex offense with a child were consolidated to two sentences of 192 to 240 months active punishment, to be served consecutively. And, defendant's convictions for six counts of second-degree sex offense were consolidated for an active punishment of 58 to 79 months. The trial court also ordered that upon release from prison, defendant was to submit to sex-offender registration and enroll in lifetime satellite-based monitoring. Defendant appeals from the trial court order denying his motions to dismiss.

**[1]** On appeal, defendant argues that because the trial court erred in denying his motions to dismiss, it subsequently erred in entering judgment on thirty-six offenses when the evidence supported entry of judgment on only two offenses. It is defendant's contention that Marvin did not testify to each sexual attack as a separate incident; therefore, the trial court's judgment should be vacated on all but one count of first-degree sex offense and one count of indecent liberties. We disagree.

> In considering a motion to dismiss, the trial court must determine whether there is substantial evidence of each element of the offense charged and substantial evidence that the defendant is the perpetrator. *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984). The evidence must be examined in the light most favorable to the state, and the state is entitled to every reasonable intendment and inference to be drawn therefrom. *State v. Bright*, 301 N.C. 243, 271 S.E. 2d 368 (1980). Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980).

*State v. Rasor*, 319 N.C. 577, 585, 356 S.E.2d 328, 333-34 (1987).

Defendant was indicted and tried by jury on multiple counts of first-degree sexual offense, second-degree sexual offense, and taking indecent liberties with a child.

> A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
>
> > (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]

N.C. Gen. Stat. § 14-27.4(a)(1) (2009). "A person is guilty of a sexual offense in the second degree if the person engages in a sexual act

with another person: (1) By force and against the will of the other person . . . ." N.C. Gen. Stat. § 14-27.5(a)(1) (2009).

> A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a) (2009).

Defendant argues that only two of the thirty-six verdicts by the jury should be upheld because Marvin's testimony did not describe in detail each and every act of the sexual offenses charged. Defendant's argument is very similar to the argument of the defendant in *State v. Wiggins*, 161 N.C. App. 583, 589 S.E.2d 402 (2003). We hold that *Wiggins* is essentially dispositive of defendant's appeal.

In *Wiggins*, the victim—seventeen at the time of trial—testified that the defendant, her father, had sexual intercourse and oral sex with her while she was between the ages of nine and fifteen years old. *Id.* at 586, 589 S.E.2d at 405. The victim testified that during those years the frequency with which the defendant engaged her in sexual acts increased from once or twice a month to four or five times a week. *Id.* The defendant was indicted for statutory rape and statutory sexual offense occurring between 1 May 1998 and 30 September 1998. He was found guilty of five counts of statutory rape and two counts of statutory sexual offense. On appeal, the defendant argued insufficiency of the evidence where the victim failed to testify to the specific dates on which "the alleged acts occurred." *Id.* at 590, 589 S.E.2d at 407. We held

> [a] child's uncertainty as to the time or particular day the offense charged was committed goes to the weight of the testimony rather than its admissibility, and nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time when the offense was committed where there is sufficient evidence that the defendant committed each essential act of the offense.

*Id.* at 590, 589 S.E.2d at 407-08 (citing *State v. Brothers*, 151 N.C. App. 71, 81, 564 S.E.2d 603, 609 (2002)).

In the case sub judice, Marvin testified that defendant demanded he perform sexual acts at least once a week during the time Marvin was in the sixth and seventh grades, with only three or four weeks in which defendant did not commit sexual acts on or in the presence of Marvin. Marvin testified that during his sixth grade school year, defendant required that Marvin masturbate him once a week. In addition, with growing frequency over this time, defendant would make Marvin watch him masturbate, and make Marvin masturbate himself as well. Marvin testified that during his seventh grade school year, defendant made Marvin watch him masturbate but, also, made Marvin perform fellatio on him once a week. Upon arrest, defendant was charged with thirty-six counts of sexual acts—twenty-four counts of indecent liberties with a child, six counts of first-degree statutory sex offense with a child under the age of thirteen, and six counts of second-degree sex offense.

In his testimony, Marvin clearly described discrete instances of different types of sexual acts perpetrated upon him by defendant over a long period of time. Taking this evidence, in the light most favorable to the State, it was sufficient to withstand defendant's motion to dismiss the charges against him. *See id.*

[2] Defendant further argues that because the indictments do not distinguish the separate acts, there is a possibility the jury verdicts were not unanimous as to all of the convictions. We note the trial court was not presented with this argument.

Generally, a failure to object to an alleged error of the trial court precludes the defendant from raising the issue on appeal. However, "[v]iolations of constitutional rights, such as the right to a unanimous verdict, . . . are not waived by the failure to object at trial and may be raised for the first time on appeal." *Id.* at 592, 589 S.E.2d at 409. We direct defendant's attention to *State v. Lawrence*, 360 N.C. 368, 627 S.E.2d 609 (2006), in conjunction with *Wiggins*, 161 N.C. App. 583, 589 S.E.2d 402.

The defendant in *Lawrence* was indicted by short-form indictment and, in pertinent part, tried on five counts of first-degree statutory rape and three counts of taking indecent liberties with a child. *Lawrence*, 360 N.C. at 372, 627 S.E.2d at 611. The indictments charging defendant with five counts of first-degree statutory rape each listed the dates of offense as "May 1, 1999 thru December 6, 2000" and

gave indistinguishable descriptions of the act giving rise to the charge. *Id.* at 372-73, 627 S.E.2d at 612. The indictments charging defendant with three counts of taking indecent liberties with a child were likewise identical as to the dates of offense listed and the description of the act committed. *Id.* at 373, 627 S.E.2d at 611-12. Among the indictments for first-degree statutory rape, as well as those for taking indecent liberties with a child, the most substantial distinction was the case number assigned to each indictment. *Id.* at 373, 627 S.E.2d at 611-12. After hearing the evidence, a jury, in pertinent part, found the defendant guilty of five counts of first-degree statutory rape and three counts of taking indecent liberties with a child. *Id.* at 372, 627 S.E.2d at 611. On appeal, the defendant argued "the indictments lack[ed] [the] specific details [necessary] to link them to specific acts and incidents; thus, the court [could ]not be sure that jurors unanimously agreed that the State . . . proved each element that support[ed] the crime charged in the indictment . . . ." *Id.* at 373, 627 S.E.2d at 612. As to the charges for taking indecent liberties with a child, our Supreme Court concluded that "a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents." *Id.* at 375, 627 S.E.2d at 613.

In overruling the *Lawrence* defendant's argument challenging the unanimity of the jury's verdict on the five counts of first-degree statutory rape, the Court noted the facts and reasoning in *Wiggins*: "the victim testified that she had intercourse with [the] defendant multiple times a week for an extended period of time, but during her testimony she only specifically recounted four incidents of intercourse with defendant." *Id.* at 375, 627 S.E.2d at 613 (citing *Wiggins*, 161 N.C. App. at 586, 593, 589 S.E.2d at 405, 409). Given this testimony and noting that the *Wiggins* defendant was indicted on only two counts of statutory sexual offense and five counts of statutory rape, "there was no danger of a lack of unanimity between the jurors with respect to the verdict." *Id.*

Here, the victim testified that that he was forced to masturbate defendant and perform fellatio weekly over a two year period, with "perhaps only three or four weeks that defendant did not engage [the victim] in those sex acts." Defendant was indicted on six counts of first-degree statutory sex offense with a child under the age of thirteen, six counts of second-degree sex offense, and twenty-four counts

of indecent liberties with a child. Considering this testimony in light of the holdings in both *Lawrence* and *Wiggins* we find no danger of a lack of unanimity between jurors as to the thirty-six guilty verdicts. *See id.* Defendant's argument is overruled.

Finally, in light of our opinion finding no error in the trial court's denial of defendant's motions to dismiss, we need not further review defendant's request to vacate the trial court order requiring lifetime satellite-based monitoring.

No error.

Judges GEER and BEASLEY concur.