An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-983

Filed: 5 May 2015

Forsyth County, Nos. 12 CRS 51921, 51925, 13 CRS 146-47

STATE OF NORTH CAROLINA

v.

ALLEN RAY WEST

Appeal by Defendant from judgments entered 9 December 2013 by Judge David L. Hall in Forsyth County Superior Court. Heard in the Court of Appeals 4 March 2015.

*Attorney General Roy Cooper, by Special Deputy Attorney General William V. Conley, for the State.*

*Michael E. Casterline for Defendant.*

STEPHENS, Judge.

*Factual and Procedural Background*

In this case, the State's evidence shows a pattern of sexual abuse by Defendant Allen Ray West of his niece, "Bella,"[1] from the time she was twelve years old until she

---

[1] We use pseudonyms to refer to the victim and her mother in an effort to protect the victim's identity.

fathered Defendant's child at the age of eighteen. At the time he began abusing Bella, Defendant was 44 years old. During the time when the abuse occurred, Bella's mother and Defendant's sister, "Terry," experienced significant financial difficulties which twice led Terry to move herself and four of her children into Defendant's home. Bella and her family lived with Defendant for a year when Bella was twelve and again when Bella was 14 years old. During this second period of residing with Defendant, Terry became suspicious about Defendant's relationship with Bella and found a new place for her family to live away from Defendant. However, shortly thereafter, Defendant asked Bella to move back into his home, and she did. Over the next two years, when Bella was 15 to 17 years old, Terry would periodically call police to return Bella to Terry's home, but Bella always eventually moved back in with Defendant. Bella continued to reside primarily with Defendant until Bella was nineteen and their child was approximately one year old.

Defendant was indicted on twelve charges, which for purposes of our analysis can be grouped into four sets of offenses according to their nature and the timespan when they were allegedly committed: (1) three counts of indecent liberties with a child under 16 ("the indecent liberties offenses"); (2) three counts of incest ("the incest offenses"); (3) first-degree sexual offense with a child under 13, first-degree rape, and incest with a child under 13 ("the under age 13 offenses"); and (4) two counts of

statutory rape of a child age 13, 14, or 15, and incest with a child age 13, 14, or 15 ("the age 13-15 offenses").

The case came on for trial at the 2 December 2013 criminal session of Forsyth County Superior Court. Defendant testified and denied having any sexual contact with Bella at any time before she turned 16, but did acknowledge fathering Bella's daughter. The jury found Defendant guilty on all charges. The trial court entered judgment on 9 December 2013, consolidated certain charges, and sentenced Defendant to five consecutive sentences which totaled 942 to 1,177 months in prison. Defendant gave notice of appeal in open court.

*Discussion*

On appeal, Defendant argues that the trial court (1) violated his constitutional right to a unanimous jury verdict by failing to sufficiently distinguish the multiple offenses and (2) erred in entering judgment on both the statutory rape and incest offenses. We find no error.

*I. Unanimity of jury verdicts*

Defendant first argues that the trial court erred in failing to ensure his constitutional right to a unanimous verdict against him. After careful review, we conclude there was no error.

Defendant did not raise this issue in the trial court. "Generally, a failure to object to an alleged error of the trial court precludes the defendant from raising the

issue on appeal. However, violations of constitutional rights, such as the right to a unanimous verdict, are not waived by the failure to object at trial and may be raised for the first time on appeal." *State v. Davis*, 214 N.C. App. 175, 179, 715 S.E.2d 189, 192 (2011) (citation, internal quotation marks, brackets, and ellipsis omitted); *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985).

Both our State's Constitution and General Statutes guarantee criminal defendants the right to a unanimous jury verdict. *State v. Lawrence*, 360 N.C. 368, 373-74, 627 S.E.2d 609, 612 (2006) (citations omitted). Here, while Defendant acknowledges that the trial court instructed the jury that it must return unanimous verdicts on each offense charged, he notes that it failed to instruct the jury that each verdict must be unanimous as to the specific incident underlying each charge. Defendant contends that this failure was reversible error because Bella's testimony about Defendant's long history of sexually abusing her described numerous acts of abuse, but lacked specific details that clearly distinguish one event from another. This Court has referred to such situations, "where a victim recounts a long history of repeated acts of sexual abuse over a period of time, but does not give testimony identifying specific events surrounding each sexual act[,]" as "generic testimony." *State v. Bullock*, 178 N.C. App. 460, 471, 631 S.E.2d 868, 876 (2006) (citation omitted), *disc. review denied*, 361 N.C. 222, 642 S.E.2d 708 (2007).

Appellate courts determine whether a victim's generic testimony has deprived a defendant of a unanimous verdict by reviewing the entire context of a case, including the record, transcript, indictments, jury instructions, and verdict sheets. *See State v. Wiggins*, 161 N.C. App. 583, 592, 589 S.E.2d 402, 409 (2003), *disc. review denied*, 358 N.C. 241, 594 S.E.2d 34 (2004). Likewise, our Supreme Court, in addressing the same argument and ultimately concluding that the defendant was unanimously convicted by the jury, based its reasoning on the following circumstances:

> (1) [the] defendant never raised an objection at trial regarding unanimity; (2) the jury was instructed on all issues, including unanimity; (3) separate verdict sheets were submitted to the jury for each charge; (4) the jury deliberated and reached a decision on all counts submitted to it in less than one and one-half hours; (5) the record reflected no confusion or questions as to jurors' duty in the trial; and (6) when polled by the court, all jurors individually affirmed that they had found [the] defendant guilty in each individual case file number.

*Lawrence*, 360 N.C. at 376, 627 S.E.2d at 613.

Where the number of incidents charged in the indictments and described in the evidence presented at trial are equal to or greater than the number of guilty verdicts returned by the jury, there is no error. *Wiggins*, 161 N.C. App. at 593, 589 S.E.2d at 409. In *Wiggins*, the defendant was indicted on five counts of statutory rape, and the verdict sheets listed five separate felony counts of that offense. *Id.* at 592-93, 589 S.E.2d at 409. At trial, the victim "testified to four specific occasions she

- 5 -

could describe in detail during which [the] defendant had sexual intercourse with her when she was between the ages of thirteen and fifteen. [The victim] also testified that [the] defendant had sexual intercourse with her five or more times a week during this two-year period." *Id.* at 593, 589 S.E.2d at 409. This Court concluded that "there was no danger of a lack of unanimity between the jurors with respect to the verdict[s]." *Id.* (citation omitted).

Likewise, we addressed a similar situation in *Davis*, where

> the victim testified that he was forced to masturbate [the] defendant and perform fellatio weekly over a two year period, with "perhaps only three or four weeks that [the] defendant did not engage [the victim] in those sex acts." [The d]efendant was indicted on six counts of first-degree statutory sex offense with a child under the age of thirteen, six counts of second-degree sex offense, and twenty-four counts of indecent liberties with a child. Considering this testimony in light of the holdings in both *Lawrence* and *Wiggins* we find no danger of a lack of unanimity between jurors as to the thirty-six guilty verdicts.

214 N.C. App. at 180-81, 715 S.E.2d at 193 (citations omitted). In *Bullock*, this Court explained a possible line of reasoning undergirding the result in these cases:

> In holding that generic testimony can support more than one conviction, we note the realities of a continuous course of repeated sexual abuse. While the first instance of abuse may stand out starkly in the mind of the victim, each succeeding act, no matter how vile and perverted, becomes more routine, with the latter acts blurring together and eventually becoming indistinguishable. It thus becomes difficult if not impossible to present specific evidence of each event. . . . Generally rape is not a continuous offense, but each act of intercourse constitutes a distinct and

separate offense.  The General Assembly has criminalized each act of statutory rape, not a course of conduct.  Any changes in the manner in which a course of criminal conduct is punished must come from the legislative branch and not from the judicial branch.

The evidence in this matter was that [the] defendant raped the victim at least twice a week for ten months.  With respect to the offenses occurring in January 2001 through October 2001, there was no testimony distinguishing any of these events.  Either the jury believed the testimony of the victim that these rapes occurred, or they did not.  There was no possibility that some of the jurors believed that some of the rapes took place, and some believed that they did not. Thus, [the] defendant's right to an unanimous verdict . . . was not violated.

178 N.C. App. at 473, 631 S.E.2d at 877 (citations and internal quotations omitted).

Here, the indictment charging Defendant with the indecent liberties offenses describes three counts of taking unspecified indecent liberties with Bella between the same dates, 1 July 2002 through 18 April 2003, a period when Bella was 12 years old.

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

  (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

  (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a) (2013). Sexual touching or fondling constitutes an indecent liberty. *See, e.g., State v. Slone*, 76 N.C. App. 628, 630, 334 S.E.2d 78, 79 (1985).

Bella testified that the following incidents occurred during this time period: (1) Defendant's first instance of sexual abuse of Bella when she was in bed and Defendant fondled her vagina before penetrating her with his finger; (2) an incident in Defendant's living room when he pulled down Bella's shorts and fondled her vagina; (3) an incident in Defendant's car when he felt her vaginal area before penetrating her with his fingers; (4) three to four occasions on which Defendant placed his penis in Bella's mouth in an attempt to have her perform oral sex on him; and (5) unspecified additional instances when Defendant touched Bella's vagina. This testimony would support at least seven verdicts finding Defendant guilty of taking indecent liberties with a child during this time period, more than twice the three counts for which Defendant was actually charged and convicted.

The indictment charging the age 13-15 offenses covered the period between 19 April 2004 and 18 April 2005 when Bella was 14 years old. Incest with a child age 13, 14, or 15 occurs, *inter alia*, when an uncle has intercourse with his niece "who is 13, 14, or 15 years old and the [uncle] is at least six years older than the child when the incest occurred." N.C. Gen. Stat. § 14-178(b)(1)(b) (2013). Statutory rape of a child age 13, 14, or 15 occurs when "the defendant engages in vaginal intercourse or

a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C. Gen. Stat. § 14-27.7A(a) (2013). Bella testified that, during this period, Defendant had vaginal intercourse with her at least ten times and perhaps as often as once per week, in at least three locations: in her own bedroom, in Defendant's living room, and in Defendant's bedroom. Defendant did not dispute that he knew Bella was his niece. Bella's testimony is more than sufficient to support the indictments on two counts of statutory rape of a child age 13, 14, or 15, and one count of incest with a child age 13, 14, or 15, and the jury's guilty verdicts on all three of the age 13-15 offenses.

Defendant was also indicted for three counts of incest that occurred between 1 January 2009 and 31 December 2009 when Bella was 18 and 19 years old. Defendant admitted to having repeated intercourse with Bella, who he knew was his niece, once or twice per month after she turned 18. Thus, Defendant's own testimony supports the guilty verdicts on the incest offenses.

Defendant advances no argument of error regarding the under age 13 offenses: first-degree sexual offense with a child under 13, first-degree rape, and incest with a child under 13, perhaps because the jury heard testimony from Bella about repeated acts of vaginal intercourse and cunnilingus which occurred when Bella was twelve years old and which separately support the guilty verdicts for these offenses.

In sum, our case law and the evidence at trial support all of the guilty verdicts returned by the jury in Defendant's case. Accordingly, these arguments are overruled.

## II. *Statutory rape as a lesser included offense of incest*

Defendant also argues that the trial court erred in entering judgment on both the statutory rape and incest offenses.[2] Specifically, Defendant contends that statutory rape is a lesser included offense of incest and that the trial court violated his constitutional rights and subjected him to double jeopardy by failing to arrest judgment against him on either the statutory rape or incest convictions. However, as Defendant acknowledges, this Court recently addressed this identical issue in *State v. Marlow*, and held that "statutory rape is not a lesser included offense of incest." __ N.C. App. __, __, 747 S.E.2d 741, 747, *appeal dismissed*, 367 N.C. 279, 752 S.E.2d 493 (2013). This Court cannot, as Defendant requests, "reconsider" that holding. *See In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.") (citations omitted). Accordingly, we overrule this argument.

---

[2] Defendant's argument concerns the offenses charged under sections 14-27.2(a)(1) (first-degree rape) and 14-27.7A(a) (statutory rape of a child 13, 14, or 15 years old) and those offenses charged under sections 14-178(b)(1)(a) (incest with a child under 13 years old) and 14-178(b)(1)(b) (incest with a child 13, 14, or 15 years old).

NO ERROR.

Judges HUNTER, JR., and TYSON concur.

Report per Rule 30(e).